JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**I. (a) PLAINTIFFS**

Ming Loc Vong

**DEFENDANTS**

Kenneth Le, an individual and d/b/a Allstar Cafe, Ruby Wei Le an individual and d/b/a Allstar Cafe, and Does 1-20

**(b)** County of Residence of First Listed Plaintiff San Francisco
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Edward Hung (510) 451-2124
Wong & Associates
413 Third Street
Oakland, CA 94607

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury—Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities – Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus – Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity):**
29 USC 201 et. seq.

Brief description of cause:
wage and hour violations

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** 100000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

**PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".**

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND ☐ SAN JOSE

DATE
June 13, 2008

SIGNATURE OF ATTORNEY OF RECORD

Lawrence Wong SBN 80852
Edward Hung SBN 221232
WONG & ASSOCIATES
413 Third Street
Oakland, CA 94607
Telephone: (510) 451-2124
Facsimile: (510) 451-2448

FILED
08 JUL 22 PM 4:03
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
E-filing

Attorneys for Plaintiff
MING LOC VONG

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

BZ

MING LOC VONG, an individual,

Plaintiff,

v.

KENNETH LE, an individual and d/b/a ALLSTAR CAFÉ; RUBY WEI LE, an individual and d/b/a ALLSTAR CAFÉ; and DOES 1-20,

Defendants.

Case No. CV 08 3515

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:**

1) **Violation of California Labor Code Section 510;**
2) **Violations of the Federal Fair Labor Standards Act;**
3) **Violation of California Business and Professions Code Section 17200;**
4) **Violation of California Labor Code Section 201; and**
5) **Violation of California Labor Code Section 226.**
6) **Wrongful Termination in Violation of Public Policy**

## NATURE OF CLAIM

1. This is an action on behalf of MING VONG, a former employee of KENNETH LE and RUBY LE D/B/A ALL STAR CAFÉ. Plaintiff worked for Defendants from 1995 until May 30, 2007. Plaintiff seeks damages arising from Defendant's failure to pay overtime



WONG & ASSOCIATES
ATTORNEYS AT LAW
413 THIRD STREET
JACK LONDON SQUARE
OAKLAND, CA 94607
(510) 451-2124

wages as required by the Fair Labor Standards Act and the California Wave Orders and statutes, compensatory damages for Defendants' failure to pay wages under the California Labor Code and Wage Orders, liquidates damages under 29 U.S.C. § 216(b), waiting time penalties under California Labor Code § 203, damages for inadequate pay statements under California Labor Code § 226, attorney's fees, costs, pre-judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), damages under California Business and Professions Code § 17200, and wrongful termination in violation of public policy.

**SUBJECT MATTER JURISDICTION AND VENUE**

2. This Court is a proper venue as all events giving rise to this lawsuit have occurred in this district.

3. This Court has subject matter jurisdiction over this action based upon the Fair Labor Standards Act, 29 U.S.C. §§ 201 et. seq. and the pendant jurisdiction of this Court.

**PARTIES**

4. At all times relevant herein, Plaintiff MING VONG is an individual resident of the County of San Francisco, California.

5. ALLSTAR CAFÉ is a doughnut shop in San Francisco, California.

6. At all times relevant herein, Defendants KENNETH LE, RUBY WEI LE and DOES 1-20 are individuals residing in Alameda County, California; San Mateo County, California; or the County of San Francisco, CA.

7. According to information and belief, individual Defendants KENNETH LE, RUBY WEI LE and DOES 1-20 are, at all times relevant herein, officers, owners, managers or

WONG & ASSOCIATES
ATTORNEYS AT LAW
413 THIRD STREET
JACK LONDON SQUARE
OAKLAND, CA 94607
(510) 451-2124

employees of ALLSTAR CAFÉ, and had control over Plaintiff's work condition and work situation.

**GENERAL ALLEGATIONS**

8. At all times relevant herein, Plaintiff was an employee of Defendants KENNETH LE, D/B/A ALLSTAR CAFÉ and RUBY WEI LE D/B/A ALLSTAR CAFÉ in San Francisco, CA (hereinafter collectively referred to as "DEFENDANTS.")

9. According to information and belief, Plaintiff was an employee of DEFENDANTS acting in the normal course and scope of employment duties for DEFENDANTS as a doughnut maker.

10. During the course of Plaintiff's employment with DEFENDANTS, Plaintiff regularly worked more than 40 hours per week.

11. Plaintiff was paid on a daily basis from 1995 until March 5, 2007.

12. DEFENDANTS failed to pay Plaintiff wages for January 15, 2005 through January 20, 2005.

13. On or about November 12, 2005, Plaintiff informed Defendant KENNETH LE that a drunk Mexican co-worker had threatened Plaintiff with a knife. Plaintiff informed Defendant KENNETH LE that Plaintiff wished to call the police.

14. Defendant KENNETH LE told Plaintiff not to call the police and claimed the police would arrest Plaintiff because Defendant KENNETH LE was using Plaintiff's social security number to pay that Mexican co-worker.

15. Plaintiff told Defendant KENNETH LE that he did not want his social security number used to pay other people, and requested that all such use cease immediately. Plaintiff

WONG & ASSOCIATES
ATTORNEYS AT LAW
413 THIRD STREET
JACK LONDON SQUARE
OAKLAND, CA 94607
(510) 451-2124

told Defendant KENNETH LE that he would report the issue to the tax board if it occurred again.

16. On or about March 5, 2007, Defendant KENNETH LE agreed with Plaintiff to pay PLAINTIFF $2,800.00 per month by check on the 1st and 15th of each month.

17. DEFENDANTS failed to pay Plaintiff wages for March 10, 2007 through May 30, 2007.

18. On or about May 30, 2007, DEFENDANTS terminated Plaintiff's employment at ALLSTAR CAFÉ.

19. Plaintiff did not perform any "exempt" duties in Plaintiff's position with Defendants, and thus was not subject to any exemption under the Fair Labor Standards Act, *29 CFR 541.112 and 541.209.* Plaintiff was not responsible for *any* management or administrative duties, nor was Plaintiff ever required to exercise independent discretion or judgment, or required to use invention or imagination in a recognized field of artistic endeavor more than fifty percent of Plaintiff's working time.

20. At no time did Plaintiff, in the course and scope of his employment, maintain any professional license with the state or practice any recognized profession, nor did Plaintiff exclusively manage any division of DEFENDANTS where Plaintiff customarily and regularly exercised discretionary powers or performed services of management. Plaintiff did not directly supervise any employees nor did Plaintiff participate in the development of general administrative policies of DEFENDANTS.

**COUNT ONE: VIOLATION OF CALIFORNIA LABOR CODE SECTION 510**

**FAILURE TO PAY OVERTIME WAGES**

21. Plaintiff re-alleges and incorporates paragraphs 1-20 as if fully stated herein.

WONG & ASSOCIATES
ATTORNEYS AT LAW
413 THIRD STREET
JACK LONDON SQUARE
OAKLAND, CA 94607
(510) 451-2124

22. California Labor Code § 510, which applied at all times relevant herein to Plaintiff's employment by DEFENDANTS, provides that all employees are entitled to payment at the rate of time and one half for hours in excess of 8 hours in one day, or for hours in excess of 40 hours in one week, and for the first 8 hours worked on the seventh day in any one workweek. It further provides that pay shall be twice the regular rate for hours in excess of 12 in one day or for hours in excess of 8 on the seventh day in one workweek.

23. During the course and scope of his employment with DEFENDANTS, Plaintiff regularly worked over 40 hours per week, and regularly worked seven days in one workweek.

24. DEFENDANTS knowingly and willingly failed and continue to knowingly and willingly fail to pay Plaintiff overtime wages as required by law.

25. California Labor Code Section 1194 provides that "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than ... the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of ... overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

26. Plaintiff is therefore entitled to recover, and requests the Court to award him, amounts for unpaid overtime wages, subject to proof, and attorney's fees and costs of suit for the recovery of those wages.

**COUNT TWO: VIOLATION OF THE FAIR LABOR STANDARDS ACT**

**FAILURE TO PROPERLY PAY OVERTIME WAGES**

27. Plaintiff re-alleges and incorporates paragraphs 1-26 as if fully stated herein.

WONG & ASSOCIATES
ATTORNEYS AT LAW
413 THIRD STREET
JACK LONDON SQUARE
OAKLAND, CA 94607
(510) 451-2124

28. At all times relevant herein, Plaintiff's employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended (hereinafter "FLSA"), 29 U.S.C. § 201 et. seq. and Plaintiff was an individual employee covered by virtue of Plaintiff's direct engagement in interstate commerce.

29. The FLSA § 207 requires all non-exempt employees to be paid overtime for work performed in excess of forty hours per week.

30. Plaintiff was not at any time relevant herein covered by any exemption from the FLSA.

31. DEFENDANTS knowingly caused and permitted Plaintiff to regularly work in excess of forty hours per week without paying Plaintiff one and one half of Plaintiff's regular pay rate.

32. By not paying overtime wages in compliance with the FLSA, DEFENDANTS violated Plaintiff's rights under the FLSA. DEFENDANTS did this with reckless disregard for their responsibilities under the FLSA and without good cause.

33. As a direct and proximate result of DEFENDANTS failure to pay overtime wages as required by the FLSA, Plaintiff suffered general damages in the form of lost overtime wages.

34. DEFENDANTS are therefore liable to Plaintiff in an amount subject to proof for liquidated damages equal to lost overtime wages pursuant to 29 U.S.C. § 216(b), and for reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**COUNT THREE: VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200**

**UNFAIR BUSINESS PRACTICES**

35. Plaintiff re-alleges and incorporates paragraphs 1-34 as if fully stated herein.

WONG & ASSOCIATES
ATTORNEYS AT LAW
413 THIRD STREET
JACK LONDON SQUARE
OAKLAND, CA 94607
(510) 451-2124

36. At all times relevant herein, Plaintiff's employment with DEFENDANTS was subject to the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission. The Labor Code and Wage Orders required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day or worked on the seventh work day of a single workweek, unless specifically exempted by law.

37. At all times relevant herein, as Plaintiff's employers, DEFENDANTS were subject to California Business and Professions Code § 17000 et. seq. (the California Unfair Trade Practices Act).

38. DEFENDANTS failed to pay Plaintiff overtime pay for hours worked in excess of forty worked in one week, and failed to pay Plaintiff overtime pay for hours worked on the seventh work day in one workweek.

39. By not paying Plaintiff overtime pay as required by the California Labor Code, applicable Wage Orders and the FLSA, DEFENDANTS gained a competitive advantage over other employers and businesses with whom DEFENDANTS were competing and which were in compliance with those laws.

40. Gaining such a competitive advantage by committing acts in violation of the California Labor Code and the FLSA violated the California Unfair Trade Practices Act, specifically, California Business and Professions Code § 17200.

41. As a direct and proximate result of DEFENDANTS' violations and refusal to pay the overtime pay, Plaintiff rights were violated and Plaintiff suffered damages of lost overtime wages in amounts according to proof.

WONG & ASSOCIATES
ATTORNEYS AT LAW
413 THIRD STREET
JACK LONDON SQUARE
OAKLAND, CA 94607
(510) 451-2124

42. Plaintiff, having been illegally deprived of the overtime pay to which he was legally entitled, herein seeks an order pursuant to California Business and Professions Code § 17203 granting restitution of said wages in an amount subject to proof.

**COUNT FOUR: VIOLATION OF CALIFORNIA LABOR CODE SECTION 201**

**FAILURE TO PAY WAGES DUE AND "WAITING TIME" PENALTIES**

43. Plaintiff re-alleges and incorporates paragraphs 1-42 as if fully stated herein.

44. At the time of Plaintiff's termination by DEFENDANTS, DEFENDANTS owed Plaintiff unpaid overtime wages and unpaid wages as previously alleged.

45. Failure to pay wages owed at an employee's termination as required by California Labor Code § 201 subjects the employer to a penalty of up to 30 days wages, as provided in California Labor Code § 203.

46. As of this date, DEFENDANTS have failed and refused, and continue to fail and refuse, to pay the amounts due, thus making defendants liable to Plaintiff for penalties equal to thirty (30) days wages, an amount subject to proof, in addition to other unpaid wages and overtime wages in amounts subject to proof.

47. Plaintiff hereby requests that the Court award him attorney's fees and costs pursuant to California Labor Code § 218.5.

48. Plaintiff hereby requests that the Court award interest on all due and unpaid wages, at the legal rate specified by California Civil Code § 3289(b), accruing from the date the wages were due and payable.

**COUNT FIVE: VIOLATION OF CALIFORNIA LABOR CODE SECTION 226**

**INADEQUATE PAY STATEMENTS**

49. Plaintiff re-alleges and incorporates paragraphs 1-48 as if fully stated herein.

WONG & ASSOCIATES
ATTORNEYS AT LAW
413 THIRD STREET
JACK LONDON SQUARE
OAKLAND, CA 94607
(510) 451-2124

50. California Labor Code § 226 provides that all employers shall provide employees with accurate and complete wage statements, including, but not limited to, an accurate and current statement of all rates paid for all regular and overtime hours worked during the pay-period, a complete and itemized statement of deductions, net wages earned, the dates for which payment is being made, any and all applicable piece rates, and the current address and name of the employer.

51. California Labor Code § 226 further provides a remedy for willful violations, granting the greater of actual damages suffered or $50 for the first violation and $100 for each subsequent inadequate statement.

52. During the course of Plaintiff's employment, DEFENDANTS willfully and with full knowledge of their obligations under California Labor Code § 226 failed to provide Plaintiff with adequate pay statements.

53. Plaintiff has suffered damages due to DEFENDANTS willful failure to provide adequate statements and seeks to recover damages in amounts subject to proof.

54. Plaintiff has incurred costs and fees in bringing this action and seeks to recover those fees and costs under California Labor Code § 226(e).

**COUNT SIX: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

55. Plaintiff re-alleges and incorporates paragraphs 1-54 as if fully stated herein.

56. Plaintiff alleges that there was a contract of employment between Plaintiff and DEFENDANTS.

57. DEFENDANTS terminated that contract in violation of California and Federal public policy.

WONG & ASSOCIATES
ATTORNEYS AT LAW
413 THIRD STREET
JACK LONDON SQUARE
OAKLAND, CA 94607
(510) 451-2124

58. Specifically, DEFENDANTS terminated Plaintiff because Plaintiff declined to allow DEFENDANTS to violate important state and federal statutes. Specifically, Plaintiff insisted that DEFENDANTS cease use of his social security number to pay wages to illegal immigrants.

59. California Labor Code Section 1102.5 evidences California's strong public policy against firing of employees for notifying authorities of illegal acts in the workplace.

60. California Government Code Section 12653 further evidences California's policy of protecting workers from termination when they report or refuse to condone illegal acts involve claims to Government funds or property, such as tax income which should be paid by the worker or workers who were paid under Plaintiff's social security number.

61. The termination has caused Plaintiff to suffer injury and damages in amounts subject to proof.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

62. For compensatory damages under the California Labor Code for unpaid wages in an amount subject to proof;

63. For compensatory damages under the California Labor Code for unpaid overtime wages in an amount subject to proof;

64. For liquidated damages pursuant to the FLSA equal to unpaid overtime wages in amounts subject to proof;

65. For restitution of unpaid wages and unpaid overtime pay pursuant to the California Business and Professions Code in amounts subject to proof;

WONG & ASSOCIATES
ATTORNEYS AT LAW
413 THIRD STREET
JACK LONDON SQUARE
OAKLAND, CA 94607
(510) 451-2124

66. For waiting time penalty damages of thirty days wages to Plaintiff pursuant to California Labor Code § 203 in amounts subject to proof;

67. For pre-judgment interest at the legal rate on the unpaid overtime compensation and the unpaid wages pursuant to California Labor Code § 1194(a) in amounts subject to proof;

68. For damages for inadequate pay statements pursuant to California Labor Code § 226 in an amount subject to proof;

69. For damages for wrongful termination in violation of public policy in amounts subject to proof;

70. Plaintiff hereby requests attorney's fees pursuant to the California Labor Code and the FLSA (29 U.S.C. § 216(b));

71. For costs of suit herein; and

72. For such other and further relief as the Court may deem appropriate.

Respectfully Submitted

Dated: June 13, 2008

WONG & ASSOCIATES

Edward Hung
Attorney for Plaintiff MING VONG

WONG & ASSOCIATES
ATTORNEYS AT LAW
413 THIRD STREET
JACK LONDON SQUARE
OAKLAND, CA 94607
(510) 451-2124

Lawrence Wong SBN 80852
Edward Hung SBN 221232
**WONG & ASSOCIATES**
413 Third Street
Oakland, CA 94607
Telephone: (510) 451-2124
Facsimile: (510) 451-2448

Attorneys for Plaintiff
MING LOC VONG

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MING LOC VONG, an individual,<br>Plaintiff,<br>v.<br>KENNETH LE, an individual and d/b/a ALLSTAR CAFÉ; RUBY WEI LE, and individual and d/b/a ALLSTAR CAFÉ; and JOHN DOES 1-20,<br>Defendants. | Case No.<br>**DEMAND FOR JURY TRIAL** |

Plaintiff demands a jury trial.

Respectfully Submitted

Dated: June 13, 2008

WONG & ASSOCIATES

Edward Hung
Attorney for Plaintiff MING VONG



WONG & ASSOCIATES
ATTORNEYS AT LAW
413 THIRD STREET
JACK LONDON SQUARE
OAKLAND, CA 94607
(510) 451-2124